UNITED STATES *v.* ROGERS.

(*District Court, S. D. New York.* August 5, 1886.)

1. **OFFICIAL BOND—VALIDITY—COMMON-LAW OBLIGATION.**
  In a bond with sureties, given by an officer to the government, it is sufficient to make the bond valid as a common-law obligation that it is voluntarily given, and that the office, and the duties assigned to the officer, and covered by the bond, are duly authorized by law.

2. **SAME—SIGNAL-SERVICE CORPS—PROPERTY OFFICER—VOLUNTARY BOND.**
  The defendant executed a bond as surety for H. W. H., a lieutenant in the army, given by the latter on being assigned to duty as property and disbursing officer of the signal service, United States army. *Held*, that this assignment must be deemed made on the application of H. W. H., and not obligatory on him as lieutenant merely; that the office of disbursing and property officer of the signal service has been authorized by congress; and that the bond was not compulsory, but given voluntarily, to obtain the assignment to that duty, and was properly required, though not specially authorized by law, and was binding.

At Law.

*Stephen A. Walker*, U. S. Atty., and *G. E. P. Howard*, Asst. U. S. Atty., for the United States.

*Geo. Bliss,* for defendant.

BROWN, J.   This suit is brought against the defendant as a surety on an official bond for $12,000, dated March, 1878, and given by Henry W. Howgate, as a property and disbursing officer of the signal service in the United States army, conditioned for the faithful discharge of the duties of that office, and for the faithful expenditure and honest accounting for all public moneys and public property which should come into Howgate's hands on account of the signal service.   It was admitted that the condition of the bond was not fulfilled, and that Howgate became a defaulter to an amount largely in excess of the penalty of the bond.

At the time of his appointment as property and disbursing officer, Howgate was first lieutenant, Twentieth infantry, of the United States army, and had been for some years attached to the signal service corps.   By special order 115, July 25, 1876, he was assigned to duty as property and disbursing officer in the office of the chief signal officer, under the department of war.   The bond in question was subsequently given, under the requirements of that department.   The only defense is that the bond was not given voluntarily, and that the office is not one created or authorized by statute.   Rev. St. 1191, 1192.

There is no proof how Howgate came to be detached from ordinary duty in his regiment, and assigned to the signal corps, other than the naked order assigning him to that service.   The signal corps is, however, a branch of the army service, authorized by law, and under the direction of the department of war.   Long prior to 1874 the signal corps had been organized, and had property and disbursing officers, as appears from special order 246, May 14, 1867, issued by the secretary of war, making an assignment to this duty, which has been put in evidence under the stipulation in this case.   By the army appropriation act of June 16, 1874, (18 St. at Large, 72,) congress declared that the "signal service shall be maintained, as now organized, under the authority of the secretary of war."   As this act has not been repealed, it furnishes a sufficient recognition and authority for the appointment of property and disbursing officers in the signal service.   The duties of this office were, however, distinct from the duties of a first lieutenant; and Howgate was not bound, as a lieutenant in the army, to accept the appointment to the office of property and disbursing officer in the signal corps, and to give the bond for the faithful discharge of his duties required in that situation. The words "assigned to duty," in the order above referred to, must be deemed, therefore, an assignment upon his own application, or upon his acquiescence; the position being a much more desirable one than that of his ordinary duty as first lieutenant.   Failure to give a bond could not subject him to discipline, or loss of rank, in the army. The bond must therefore be deemed voluntarily given by him and his sureties.

It has been repeatedly adjudged by the supreme court that bonds may be required by the government from officers appointed to places of trust, though there is no express statutory authority to take such bonds; and that they will be valid as common-law obligations. *U. S.* v. *Tingey,* 5 Pet. 115; *U. S.* v. *Bradley,* 10 Pet. 360. It is sufficient to make the bond a valid obligation that it is voluntarily given, and that the office, and the duties assigned to the officer, and covered by the bond, are duly authorized by law. Such is the present case, and judgment should therefore be given for the plaintiff for $12,000, and interest.